UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN NGWA NFORBI,<br>Plaintiff,<br>v.<br>SWIFT TRANSPORTATION COMPANY,<br>Defendant. | No. 2:26–cv–03312–DC-SCR<br><br><u>ORDER</u> |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is Plaintiff's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF No. 2.

The motion makes an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted).

Plaintiff has largely left the entire form blank. Nearly every question is answered with a zero, or N/A. Plaintiff also lists that his monthly expenses are zero. Plaintiff further lists "N/A" for his age, which causes concern that all blanks were just completed with a zero or "N/A".

Plaintiff's age is not relevant to the IFP determination, and thus the Court will not require he provide it, but he must provide adequate information as to income, expenses, and assets. The information currently provided does not allow the Court to determine if monthly expenses exceed income. *See C.C.R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-0640-DAD-SAB, 2021 WL 2534461, *1 (E.D. Cal. June 21, 2021) ("Where the applicant's income exceeds expenses by a notable amount, it may be appropriate to deny in forma pauperis status"); *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

The only indication that Plaintiff is unable to pay the filing fee is a statement on the last page that he is unemployed. ECF No. 2 at 5. Plaintiff's motion will be denied without prejudice because it is lacking adequate information to make an IFP determination. However, Plaintiff may, if he chooses, file a renewed motion to proceed IFP. If he does so, Plaintiff shall take care to fully complete the form, including listing a total monthly income, total monthly expenses, and answering all questions on the form.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED without prejudice.
2. Plaintiff may file a renewed motion to proceed IFP that addresses the issues set forth herein within 21 days of the date of this Order.
3. Alternatively, Plaintiff may pay the filing fee.
4. If Plaintiff does not supplement the application or pay the filing fee within 21 days, the Court will recommend that this action be dismissed.

IT IS SO ORDERED.

DATED: October 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE